# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Eugene H. Williams,

           Petitioner,

v.

Susan McClintock,

           Respondent.

No. CV-14-02006-TUC-DTF

**ORDER**

      Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Petitioner, Eugene Williams, who is currently confined at a residential reentry center (RRC) in Montgomery, Texas,[1] alleges that his classification by the Federal Bureau of Prisons (BOP) is not proper and is in violation of federal law. The parties consented to exercise of jurisdiction by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). (Docs. 20, 21.) The Court finds the Petition should be dismissed for lack of jurisdiction.

---

[1] At the time Williams filed his Petition, he was being held within this district; therefore, the Petition was properly filed before this Court. *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should . . . file the petition in the district of confinement."). Jurisdiction attaches, if at all, "on the initial filing of habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)).

## BACKGROUND

Petitioner was convicted on December 12, 2006, of receipt and possession of one or more unregistered firearms, receipt and possession of an unlawfully transferred firearm, two counts of possession of a firearm not registered to the defendant, possession of a firearm not identified by a serial number, and unlawful storage of high explosives. (Doc. 11, Ex. A, Attach. 1.) He was sentenced to 120 months in prison. (*Id.*) He was housed at a low security federal correctional institution and is now at an RRC. (Doc. 16).

The BOP classified Petitioner's current offense as "Greatest Severity." (Doc. 1 at 3.) This classification was based on Petitioner's use of a "flash bang" device in connection with the crimes for which he was convicted, although the device's use was not an element of his conviction. (*Id.*) Because of this classification, the BOP assigned Petitioner a "Public Safety Factor" of "Greatest Severity," which makes him ineligible for minimum security facilities and home confinement. (*Id.* at 8; Doc. 17 at 7.)

On April 7, 2014, Petitioner filed the Petition for Writ of Habeas Corpus challenging the manner or condition of the execution of his sentence. (Doc. 1.) It is uncontested that Petitioner has exhausted all administrative remedies related to this petition. (Doc. 11 at 2.)

## ANALYSIS

Petitioner argues that the BOP violated the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and abused its discretion when scoring his Current Offense and Public Safety Factor. (Doc. 1 at 9.) Petitioner's allegation is based on the BOP not complying with the definition of "Crimes of Violence." (*Id.* at 5-8.) Additionally, Petitioner argues that the use of a "flash bang" was not an element of his conviction; therefore, it should not have been considered in his Current Offense classification. (*Id.* at 5.) The Court does not reach these arguments because it lacks jurisdiction.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner does not

argue that success would result in his release from custody, but instead argues that success would make him eligible for home confinement.[2] For a change in custody to be within habeas jurisdiction, a petitioner must establish that relief would (1) "necessarily" result in a (2) "quantum change in custody." *Nettles v. Grounds*, No. 12-16935, 2015 WL 3406160, at *7 (9th Cir. May 28, 2015); *see also Skinner v. Switzer*, 562 U.S. 521, 534-535 & n.13 (2011). If relief is limited to the petitioner becoming eligible for a quantum change in the level of custody but would not necessarily result in a change, the "claim is not cognizable under the federal habeas statute." *See Nettles*, at *9 (citing *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)). Additionally, a petitioner who is "merely 'seeking a different program or location or environment' even if 'the program or location or environment that he is challenging is more restrictive than the alternative that he seeks,' does not meet the requirement." *Id.* at *10 (quoting *Graham*, 922 F.2d at 381). In *Nettles*, the Ninth Circuit considered an inmate who was restricted to the security housing unit (SHU) because of his designation as a gang member, which the inmate disputed. *Id.* at *3. While in the SHU, inmates "spend approximately twenty-two hours per day in their cells, receive all meals in their cells, are denied contact visits and phone access, and are not allowed to participate in training or education activities." *Id.* The court determined that it had jurisdiction because these restrictions were a greater quantum of custody than general population and the inmate would automatically be released to general population if the gang designation was removed. *Id.* at *10.

Here, Petitioner's success would not "necessarily" result in a reduction in his level of custody. BOP Program Statement 5100.08 provides instructions for the classification of inmates and institutions. *See* ch. 1, p. 1.[3] These classifications assist the BOP when making housing determinations based on individual security and program needs;

---

[2] He initially argued that success on his Petition would make him eligible for a minimum security facility. Because Petitioner was transferred to an RRC, the Court focuses on Petitioner's eligibility for home confinement.

[3] BOP Program Statements are available at http://www.bop.gov/PublicInfo/execute/policysearch?todo=query (last visited June 26, 2015).

- 3 -

however, the classifications are not the only consideration. *Id.* at ch. 1, p. 1-2. The other factors considered by the BOP include: the inmate's release residence, institution overcrowding, recommendations by the sentencing court, and "any other factor(s) which may involve the inmate's confinement; the protection of society; and/or the safe and orderly management of the BOP facility." *Id.* While a classification of greatest severity prevented Petitioner from being housed in a minimum security facility, a lower classification still may have resulted in the same housing decisions by the BOP. Now that Petitioner is in an RRC, he is ineligible for home confinement because of his Public Safety Factor. According to the BOP, "[a]ll inmates referred to community corrections are *eligible to be considered* for home confinement placement" unless one of the listed exceptions is applicable, including a Public Safety Factor. BOP Program Statement 7320.01, § 6 (emphasis added). Eligibility would not necessarily result in a change of custody.

Additionally, a transfer from an RRC to home confinement is not a "quantum change in custody." An RRC provides inmates with structure to assist with the transition back into the community, while also allowing for close monitoring of the inmate's activities. BOP Program Statement 7310.04, § 7(a). An RRC has two components. *Id.* The first component is more restrictive and only allows an inmate to leave for employment and other structured activities. *Id.* The second component begins to relax the restrictions by allowing more opportunities to spend time in the community and with family through the use of weekend and evening passes. *Id.* Home confinement has similar restrictions. *Id.* § 7(b)(3). For instance, inmates in home confinement are required to be home when not at work. *Id.* To ensure compliance, an inmate may be monitored by phone calls, random visits, or electronic monitoring equipment. *Id.* While home confinement may provide an inmate with a more comfortable setting and regular access to family, the restrictions of movement and activity are strikingly similar to confinement in an RRC. A transfer from an RRC to home confinement is only a change of "program or location or environment" and is not a quantum change in the level of custody.

In conclusion, a change in the BOP's classification of Petitioner would not "necessarily" result in a change of custody. Additionally, a transfer from an RRC to home confinement is not a "quantum change in custody." Therefore, the court lacks jurisdiction over the Petition.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

Dated this 1st day of July, 2015.

_____
D. Thomas Ferraro
United States Magistrate Judge